# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **NICHOLAS D. MOSSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:19-CV-882** |
| | § | **JUDGE MAZZANT/JUDGE JOHNSON** |
| **FLAGSTAR BANKCORP, INC. d/b/a** | § | |
| **FLAGSTAR BANK, FSB,** *et al.*, | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 15, 2020, the report of the Magistrate Judge (the "Report") (Dkt. #43) was entered, containing proposed findings of fact and recommending that Plaintiff Nicholas D. Mosser's ("Plaintiff") Motion to Remand (the "Motion") (Dkt. #10) be granted in part and denied in part.

Plaintiff, Defendant Flagstar Bank, FSB ("Flagstar"), and Defendant First Guaranty Mortgage Corporation ("First Guaranty") each filed Objections to the Report (Dkts. #46, 47, 48). Plaintiff filed a response to Flagstar and First Guaranty's (together, "Defendants") Objections (Dkt. #59), and Flagstar filed a reply (Dkt. #61). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

# I.   BACKGROUND

This case arises out of a suit filed in the 471st Judicial District Court of Collin County, Texas, Cause No. 471-06006-2019 (the "Petition"). *See* (Dkt. #1). The Petition was filed on October 25, 2019, asserting causes of action for breach of contract, quiet title, declaratory judgment, and permanent injunction against both Defendants. *See* (Dkt. #2). Plaintiff alleges his claims arise out of First Guaranty's origination, and subsequent assignment to Flagstar, of a constitutionally invalid lien on Plaintiff's home. *See id.*

Flagstar removed this action on November 26, 2019, asserting that complete diversity of citizenship exists and First Guaranty is improperly joined in this suit. *See* (Dkt. #1). Plaintiff then filed the instant Motion to Remand (Dkt. #10). In the Report, the Magistrate Judge found that First Guaranty is not a diverse party and is not improperly joined in this suit. *See* (Dkt. #43). Thus, the Magistrate Judge recommended this case be remanded to state court. *See id.*

Defendants each object to the Magistrate Judge's Report on the grounds that Plaintiff cannot recover on a breach of contract claim against First Guaranty. *See* (Dkt. #47 at pp. 1–2; Dkt. #48 at p. 2). Plaintiff objects to the Magistrate Judge's Report on the grounds that (1) the Magistrate Judge recommended against granting Plaintiff's request for attorney's fees, and (2) the Report failed to address Plaintiff's argument that estoppel is never proper when a lien is void from the start. *See* (Dkt. #46 at p. 7).

# II.   DISCUSSION

When a case is removed to federal court, the removing party has the burden of proof to establish a federal court's jurisdiction. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Courts are required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir.

2007). "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.,* Case No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572–73 (5th Cir. 2004)).

A defendant may establish improper joinder either by showing (1) actual fraud in the plaintiff's pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant(s) in state court. *Smallwood*, 385 F.3d at 571 n.1, 573. Regarding the second method of establishing improper joinder, a court must ask "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573; *see Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200–08 (5th Cir. 2016). In deciding whether a party is improperly joined, the Court must resolve all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Courts are to focus on the allegations in the complaint and "apply a Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018).

## A. DEFENDANTS' OBJECTIONS

In the Report, the Magistrate Judge found that First Guaranty is not a diverse party and is not improperly joined in this suit, and thus, the Magistrate Judge recommended this case be remanded. *See* (Dkt. #43). Neither Defendant objects to the Magistrate Judge's finding that First Guaranty is a citizen of Texas. *See* (Dkts. #47, 48). Instead, Defendants each object to the

3

Magistrate Judge's Report on the grounds that (1) Plaintiff failed to provide First Guaranty with constitutionally-required notice of its failure to comply; (2) Plaintiff failed to allege any injury or harm caused by First Guaranty; (3) there are no statutory damages under the Texas Constitution; (4) First Guaranty signed a fair market value acknowledgement, curing any non-compliance with the Texas Constitution that could have led to statutory damages; and (5) Plaintiff is estopped from asserting that the loan did not comply with the Texas Constitution. *See* (Dkt. #47 at pp. 1–2; Dkt. #48 at p. 2).

### 1.    Notice to Cure under the Texas Constitution

Defendants argue Plaintiff cannot maintain a valid breach of contract claim against First Guaranty because Plaintiff failed to provide First Guaranty with notice to cure as required by the Texas Constitution. *See* (Dkt. #47 at pp. 2–4; Dkt. #48 at pp. 3–4). In response, Plaintiff argues that pursuant to Texas law, a breach of contract action for violations of the Texas Constitution accrues when the loan originated, not when a notice to cure letter is sent. *See* (Dkt. #59 at pp. 2–4).

In the Report, the Magistrate Judge found that Plaintiff could conceivably maintain a breach of contract claim against First Guaranty under Texas law because it allegedly originated an unconstitutionally void lien. *See* (Dkt. #43). In their Objections, Defendants argue Plaintiff's breach of contract claim against First Guaranty fails because Plaintiff did not provide First Guaranty with the required notice to cure prior to filing suit. *See* (Dkt. #47 at 4; Dkt. #48 at 4). The Fifth Circuit has made clear that "a breach of contract claim (the cause of action) is distinct from the availability of forfeiture (the remedy)" under Texas law. *Feuerbacher v. Wells Fargo Bank National Association*, 701 F.App'x 297, 301 (5th Cir. 2017). The Texas Supreme Court has held that the remedy of forfeiture, rather than the cause of action for breach of contract, "is

triggered when, following adequate notice, a lender fails to correct the complained-of deficiency by performing one of six available corrective measures." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 481 (Tex. 2016). In contrast, a breach of contract claim accrues at the origination of the unconstitutionally void lien. *See Feuerbacher*, 701 F.App'x at 301. As a breach of contract claim accrues prior to, and without any notice of, deficiency, Defendants' first objection is **OVERRULED**.[1]

### 2.    Cognizable Injury or Harm

Defendants argue Plaintiff cannot maintain a breach of contract claim against First Guaranty because Plaintiff has not alleged any cognizable injuries or damages. *See* (Dkt. #47 at pp. 4–7; Dkt. #48 at pp. 4–8). In response, Plaintiff argues that the cloud on Plaintiff's title is sufficient injury to sustain a breach of contract claim against First Guaranty. *See* (Dkt. #59 at p. 6).

In order to establish a breach of contract claim, a plaintiff must establish that the defendant's breach of the contract caused the plaintiff injury. *See Johnson v. World Alliance Financial Corp.*, 830 F.3d 192, 196 n.3 (5th Cir. 2016). In *Feuerbacher*, this Court found that "[i]f the [constitutional] defects alleged by Plaintiffs did in fact occur, Plaintiffs did not have to wait until the remedy of forfeiture became available because a breach had already occurred and an injury had been sustained—i.e., an invalid lien being claimed on the property." *Feuerbacher v. Wells Fargo Bank*, Case No. 4:15-CV-59, 2016 WL 36699744, at *5 (E.D. Tex. July 11, 2016). Thus, the Court has already recognized that an injury occurs when a defendant claims an invalid lien on a plaintiff's property. As Plaintiff has alleged that he suffers a cloud to his

---

[1] In his response to Defendants' Objections, Plaintiff argues First Guaranty received the required notice when it was served with this suit. *See* (Dkt. #59 at p. 2). This argument was not raised before the Magistrate Judge. As the Court finds that Texas law does not require notice before a breach of contract claim accrues, the Court declines to address Plaintiff's untimely argument that he provided notice to First Guaranty through filing this suit.

title caused by First Guaranty's origination of an invalid lien, and the Court must evaluate all of Plaintiff's factual allegations in the light most favorable to Plaintiff and all questions of state law in favor of remand, the Court finds Plaintiff has alleged a cognizable injury sufficient to establish a possibility of recovery for breach of contract against First Guaranty. Thus, Defendants' second objection is **OVERRULED.**

Defendants next object to the Report on the grounds that (1) the Magistrate Judge improperly found Plaintiff could recover statutory damages under Section 50(a)(6) of the Texas Constitution, and (2) even if Plaintiff could recover statutory damages under Section 50(a)(6), they are inapplicable in this case. *See* (Dkt. #47 at pp. 5–8; Dkt. #48 at pp. 6–9).

In Plaintiff's Petition (Dkt. #2) and Plaintiff's Amended Complaint (Dkt. #14), Plaintiff sought statutory damages. *See* (Dkt. #2 at p. 10; Dkt. #14 at p. 10). In his reply in support of the Motion, Plaintiff specifically argued that First Guaranty could pay "the mandatory $1000 for [its] breach." (Dkt. #21 at p. 9). Defendants failed to argue in any of their pleadings in front of the Magistrate Judge that Plaintiff cannot recover statutory damages under the Texas Constitution as alleged by Plaintiff. Moreover, the Magistrate Judge held a hearing regarding the Motion, wherein Plaintiff again argued that he was entitled to $1000 of statutory damages under the Texas Constitution, and Defendants failed to argue that such damages were inapplicable in this case. *See* Minute Entry on May 5, 2020.

Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court. *See Benamou v. Wells Fargo Bank National Association for Carrington Mortgage Loan Trust*, 711 F.App'x 241, 242 (5th Cir. 2018) (quoting *Freeman v. City of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate

judge.")). As Defendants failed to raise these arguments prior to the objections, and the Court finds that Plaintiff has alleged a sufficient injury other than statutory damages to establish a possibility of recovery, the Court finds that Defendants' objections regarding the statutory damages provision of the Texas Constitution are moot. Thus, Defendants' third and fourth objections are **OVERRULED**.

### 3. <u>Estoppel</u>

Defendants next object to the Report by arguing that estoppel bars Plaintiff's claim because he executed a Home Equity Affidavit stating that the loan complies with the Texas Constitution. *See* (Dkt. #47 at pp. 8–9; Dkt. #48 at pp. 9–10). In response, Plaintiff argues Defendants waived this argument by not presenting the Home Equity Affidavit in briefing the Motion and estoppel cannot apply where a lien is void *ab initio*. *See* (Dkt. #59 at pp. 8–11).

Though Defendants argued in response to the Motion that the Home Equity Loan estopped Plaintiff from alleging the lien was unconstitutional, Flagstar first provided the Home Equity Loan to the Court as an attachment to its Objections. *See* (Dkt. #47-1). Thus, the Magistrate Judge properly concluded that the question of estoppel based on the Home Equity Affidavit involved an issue of fact not properly considered at this stage of the proceedings, as it involves factual allegations not in Plaintiff's Petition or Amended Complaint. *See* (Dkt. #43).

However, even if Defendants had properly provided the Magistrate Judge with the Home Equity Affidavit, the Magistrate Judge correctly concluded that considering the Home Equity Affidavit would have been improper at this stage of the proceedings. *See Raphael v. HSBC Bank U.S.A. N.A.*, Case No. SA-14-CA-331-OLG, 2014 WL 12878565, at *6 (W.D. Tex. June 12, 2014). In analyzing whether a plaintiff has the possibility of recovery against an in-state defendant, courts are to conduct "Rule 12(b)(6)-type analysis, looking initially at the

allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendant." *Id*. Courts may, at their discretion, "pierce the pleadings and conduct a summary inquiry . . . only to identify the presence of discrete and undisputed facts." *Id*. Plaintiff did not plead any facts suggesting the existence of the Home Equity Loan in his Petition, and Plaintiff has made clear in his reply to the Motion and response to Defendants' objections that he disputes the validity of the Home Equity Loan. *See* (Dkt. #59). As such, the Court finds the Magistrate Judge properly concluded that consideration of allegations regarding the Home Equity Loan involved issues of fact not to be considered on a motion to remand. Thus, Defendants' last objection is **OVERRULED**.

### B.   PLAINTIFF'S OBJECTIONS

Plaintiff first objects to the Report because of the Magistrate Judge's recommendation against awarding Plaintiff attorney's fees on the basis of improper removal. *See* (Dkt. #46 at p. 7). Courts have discretion to award attorney's fees on the basis of improper joinder "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  As noted in the Report, neither Plaintiff nor Defendants provided the Court with any Texas case law definitively supporting their position as to whether Plaintiff can maintain a breach of contract claim against both First Guaranty and Flagstar due to a constitutionally invalid lien. In fact, Plaintiff acknowledged there is no such case law in the Motion. *See* (Dkt. #10 at p. 8). Plaintiff's own admissions as to the state of Texas law contradicts Plaintiff's argument that there is no reasonable basis for seeking removal. As such, this objection is **OVERRULED**.

Plaintiff additionally objects to the Report by arguing the Report failed to state that estoppel can never create a lien which never existed. *See* (Dkt. #46 at p. 7). As stated above,

8

the Magistrate Judge declined to consider the question of estoppel because the Home Equity

Affidavit was not before the Court, and consideration of such would have consisted of an issue

of fact that should not be decided when considering a motion to remand. *See* (Dkt. #43). Thus,

the Magistrate Judge did not consider the question of estoppel. As the Court finds that

Defendants' objections fail and this case should be remanded to state court, the Court declines

to make any unnecessary interpretation of estoppel principles under Texas law. Thus, this

objection is **OVERRULED**.

### III. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff Nicholas D. Mosser's Motion to Remand (Dkt. #10)

is hereby **GRANTED**.

It is **CONSIDERED**, **ORDERED**, **AND ADJUDGED** that this case is hereby

**REMANDED** to the 471st Judicial District Court of Collin County, Texas, Cause No. 471-

06006-2019, and this matter is closed on the Court's docket.

**IT IS SO ORDERED**.

**SIGNED this 28th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE